**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.: 20-cv-01896-NYW

LAUREANA LEDEZMA,

Plaintiff,

v.

YOUNG LIFE,

Defendant.

**PLAINTIFF'S MOTION FOR LEVEL 1 RESTRICTED ACCESS TO**
**ECF NO. 25, 25-1, 25-2, & 25-3**

Pursuant to D.C.COLO.LCivR 7.2, Plaintiff Laureana Ledezma files this Motion for Level 1 Restricted Access to ECF No. 25, 25-1, 25-2, & 25-3 (filed restricted access). Pursuant to D.C.COLO.LCivR 7.1(a), counsel for Plaintiff conferred with counsel for Defendant regarding this Motion. Defendant opposes this motion.

D.C.Colo.LCivR 7.2(c) allows a party to file a motion to restrict public access to documents filed with the Court. The motion must: (1) identify the document to be restricted; (2) state the interest to be protected and explain why that interest outweighs the presumption of public access; (3) identify a clearly defined and serious injury that will result without restriction; (4) explain why no alternative to restricted access is available or why only restricted access will adequately protect the relevant interest; and (5) state the level of restriction for the document. D.C.Colo.LCivR 7.2(c)(1)-(5).

Here, Ms. Ledezma requests Level 1 Restriction of her Motion for Protective Order and the exhibits attached thereto. [ECF No. 25, 25-1, 25-2, 25-3]. Ms. Ledezma filed her Motion for

1

Protective Order in response to Defendant's indication that it would be pursuing discovery relating to past trauma. The information Defendant seeks to discover concerns private matters that are highly personal and entirely irrelevant to this action. The logic that supports Ms. Ledezma's request for a protective order – namely the information's irrelevance, oppressive nature, and perpetuation of harmful stereotypes – supports her request for restricted access. *See* [ECF No. 25] at 4-6 (harmful stereotypes), 8-11 (irrelevance), 12-13 (oppressive nature). Without restriction, Ms. Ledezma and certain non-parties to this action will suffer unnecessary psychological harm that would reopen old wounds and impede upon Ms. Ledezma's healing process.

However, recognizing the presumption of public access under D.C.Colo.LCivR 7.2, Plaintiff's counsel suggests that a copy of the motion, with changes to some of the language such that the trauma remains unspecified and the nature of the trauma private, may allow public access to the Parties' legal arguments and any potential Court order resulting therefrom. *See* D.C.Colo.LCivR 7.2(c)(4); *Arkansas River Power Auth. v. The Babcock & Wilcox Co.*, No. 14-CV-00638-CMA-NYW, 2016 WL 192269, at *3 (D. Colo. Jan. 15, 2016) (requiring the moving party to explain why alternatives to restriction, such as redaction, summarization, stipulation, or partial restriction, are inadequate). Specifically, **Exhibit 1** is a version of the Motion for Protective Order in which all details of Ms. Ledezma's past trauma are removed, thus serving a function similar to redaction but more effective at providing privacy to all individuals involved in this case. As well, **Exhibits 2, 3, and 4** contain redactions about the specific subject matter at issue. Ms. Ledezma therefore respectfully requests that the Court maintain level 1 restriction over the original Motion for Protective Order and its attachments and within the spirit of D.C.Colo.L.Civ.R 7.2 permit Ms. Ledezma to file the exhibits attached hereto as the operative publicly filed motion and exhibits.

Respectfully Submitted,

*/s Ellen K. Giarratana*
Ellen K. Giarratana
Iris Halpern
RATHOD | MOHAMEDBHAI LLC
2701 Lawrence Street, Ste 100
Denver, Colorado 80205
303-578-4400 (t)
303-578-4401 (f)
eg@rmlawyers.com
ih@rmlawyers.com