IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 20-cv-01896-NYW

LAUREANA LEDEZMA,

Plaintiff,

v.

YOUNG LIFE,

Defendant.

## PLAINTIFF'S FOURTH MOTION FOR LEVEL 1 RESTRICTED ACCESS TO ECF NOS. 44, 44-1, 45, 45-1, 45-2, 45-3, & 45-4

Pursuant to D.C.COLO.LCivR 7.2, Plaintiff Laureana Ledezma files this Motion for Level 1 Restricted Access to ECF Nos. 44, 44-1, 45, 45-1, 45-2, 45-3, & 45-4. Pursuant to D.C.COLO.LCivR 7.2(a), counsel for Plaintiff conferred with counsel for Defendant regarding this Motion. Defendant opposes the Motion.

D.C.Colo.LCivR 7.2(c) allows a party to file a motion to restrict public access to documents filed with the Court. The motion must: (1) identify the document to be restricted; (2) state the interest to be protected and explain why that interest outweighs the presumption of public access; (3) identify a clearly defined and serious injury that will result without restriction; (4) explain why no alternative to restricted access is available or why only restricted access will adequately protect the relevant interest; and (5) state the level of restriction for the document. D.C.Colo.LCivR 7.2(c)(1)-(5). "The burden is on the party seeking restriction to justify such relief." *Arkansas River Power Auth. v. The Babcock & Wilcox Co.*, No. 14-CV-00638-CMA-NYW, 2016 WL 192269, at *3 (D. Colo. Jan. 15, 2016).

1

Here, Ms. Ledezma requests Level 1 Restriction of Defendant Young Life's Response in Opposition to Plaintiff's Third Motion to Restrict ("Response") and its exhibit, [ECF Nos. 44 & 44-1],[1] as well as Defendant Young Life's Motion for Reconsideration of Order Granting Plaintiff's Motions to Restrict ("Motion") and the exhibits attached thereto, [ECF Nos. 45, 45-1, 45-2, 45-3, & 45-4]. These filing are all related to the overall discovery dispute stemming from Ms. Ledezma's Motion for Protective Order. [ECF No. 35]. Ms. Ledezma seeks to keep certain information restricted throughout the discovery dispute because of the subject matter discussed. Once the discovery dispute is resolved, Ms. Ledezma anticipates that motions for leave to restrict will likely not arise again with respect to the information at issue here.

Good cause supports restricting access to Defendant's Response and Motion for precisely the same reasons articulated in her already-granted Motions for Level 1 Restricted Access [ECF Nos. 28, 33, 42]. Namely, the information contained in Defendant's filings is entirely irrelevant to this action, propagates prejudicial stereotypes, and its disclosure would be invasive and unfair to Ms. Ledezma and third parties. [*See* ECF No. 35 at 4-6 (harmful stereotypies), 8-11 (irrelevance), 12-13 (invasive and unfair)]. Without restriction, Ms. Ledezma and certain non-parties to this action will suffer unnecessary psychological harm that would reopen old wounds and impede upon Ms. Ledezma's healing process.

Most exhibits also include redline versions of past filings that the Court has already placed under level 1 restricted access. [*See* ECF Nos. 44-1, 45-1, 45-2, 45-3]. Another exhibit is an unredacted copy of Exhibit 1 to Plaintiff's Reply to Defendant Young Life's Opposition to Plaintiff's Motion for Protective Order. [*Compare* ECF No. 38-1, *with* ECF No. 45-4]. The

---

[1] This Court has since granted Plaintiff's Third Motion for Level 1 Restricted Access to ECF No. 38. [ECF No. 46].

minimal redactions Plaintiff has already made to the exhibit are an alternative to restriction that would both protect the privacy of Ms. Ledezma and her family while recognizing the presumption of public access. *See* D.C.Colo.LCivR 7.2(c); *Arkansas River Power Auth.*, 2016 WL 192269, at *3 (requiring the moving party to explain why alternatives to restriction, such as redaction, summarization, stipulation, or partial restriction, are inadequate).

As such, Ms. Ledezma respectfully requests that the Court maintain level 1 restriction over Defendants Response in Opposition to Plaintiff's Third Motion to Restrict and Defendant's Motion for Reconsideration of Order Granting Plaintiff's Motion to Restrict.

Respectfully Submitted,

*/s Iris Halpern*
Iris Halpern
Ellen K. Giarratana
RATHOD | MOHAMEDBHAI LLC
2701 Lawrence Street, Ste 100
Denver, Colorado 80205
303-578-4400 (t)
303-578-4401 (f)
ih@rmlawyers.com
eg@rmlawyers.com